**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Dennis Martin BROWN, Defendant–Appellant.**

No. 88–5005.

United States Court of Appeals, Fourth Circuit.

Argued May 6, 1988.
Decided Sept. 20, 1988.

Anthony R. Triplett (J. Gary Vannoy, Vannoy, Moore, Colvard, Triplett & Freeman, Wilkesboro, N.C., on brief), for defendant-appellant.

Kenneth D. Bell, Asst. U.S. Atty. (Thomas J. Ashcraft, U.S. Atty., Charlotte, N.C., on brief), for plaintiff-appellee.

Before WIDENER and HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.

PER CURIAM:

Dennis Martin Brown was convicted of conspiracy to distribute and possess with intent to distribute in excess of one kilogram of cocaine, in violation of 21 U.S.C. § 846. Brown appeals, claiming that the evidence presented at trial was insufficient to support the jury's verdict and that the trial court improperly instructed the jury. We affirm.

The evidence viewed in the light most favorable to the government, the prevailing party, *United States v. Laughman,* 618 F.2d 1067, 1075 (4th Cir.1980), *cert. denied,* 447 U.S. 925, 100 S.Ct. 3018, 65 L.Ed.2d 1117 (1980), is as follows. On May 5, 1982, Brown and Charles E. Smith flew to Colombia at Brown's request to explore the possibility of buying marijuana and cocaine to smuggle into the United States. Once in Colombia, they discussed prices and availability of drugs with Colombians who knew Brown. Brown and Smith flew back to Colombia on February 13, 1983 to look into cocaine smuggling and the possibility of using Smith's plane to smuggle cocaine into the United States. Brown's and Smith's dealings were interrupted when Smith went to prison on a copyright violation.

Later, Smith and Jack O. Gordon set up a marketing scheme for the sale of cocaine. The scheme involved several retailers, including Lonnie Franks, and a primary supplier named James Arthur McAuley. Brown met with Gordon and Franks socially on occasion. On one such occasion, Brown produced some cocaine, and Brown, Gordon and Franks indulged. In the spring of 1985, Smith and Gordon fell out with their primary cocaine supplier. They turned to Brown. Brown sold Smith a couple of ounces of cocaine for approximately $1,550, at Shoney's in Statesville, North Carolina. Smith sold the cocaine to his retailers. Two or three weeks later, Brown sold an ounce or more of cocaine to Smith. Again, Smith sold it to his retailers. Later, Brown sold half a kilogram of cocaine to Smith for $22,500 and made arrangements to sell more. Smith sold the cocaine to his retailers. About sixty days later, Brown sold an additional half a kilogram to Smith and Gordon for another $22,500. The value of the cocaine that Brown sold to Smith and Gordon was at least $1,800 to $2,000 an ounce, for a total value for the four sales of more than $70,000.

Brown contends that there was insufficient evidence to convict him of knowing participation in a single overall conspiracy to distribute cocaine. When a defendant challenges his conviction, arguing insufficiency of evidence, the " 'verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it.' " *Hamling v. United States,* 418 U.S. 87, 124, 94 S.Ct. 2887, 2911, 41 L.Ed.2d 590 (1974), quoting *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942).

In *United States v. Collazo,* 732 F.2d 1200, 1205 (4th Cir.1984), *cert. denied,* 469 U.S. 1105, 105 S.Ct. 777, 83 L.Ed.2d 773 (1985), we rejected the defendant's attack on the sufficiency of the evidence used to convict him of conspiracy to possess marijuana with intent to distribute. The court said: "To sustain the conspiracy conviction, there need only be a showing that defendant knew of the conspiracy's purpose and some action indicating his participation.... [citations omitted] These elements can be shown by circumstantial evidence such as his relationship with other members of the conspiracy, the length of this association, his attitude, conduct, and the nature of the conspiracy." In *United States v. Welebir,* 498 F.2d 346, 350–351 (4th Cir.1974), the court explained that "[i]ntent is rarely susceptible of direct proof; it is generally to

be inferred from the circumstances. In the case of illicit drugs, intent to distribute may in proper circumstances be inferred from the amount in possession." In the case at hand, the jury heard evidence that Brown's relationship with other conspirators, both Gordon and Franks, included the illegal use of cocaine. Brown and Smith had twice flown to Colombia for the express purpose of exploring the possibility of a joint venture involving the illegal importation of cocaine. Brown had a relationship with Smith that dated back for at least three years. The jury heard evidence showing that Brown had no qualms about cocaine. He explored the possibility of importing it. He used it. He sold large quantities of itto Smith and Gordon. The conspiracy was an ongoing distribution network for selling cocaine.

The Eighth Circuit has dealt with a similar case in *United States v. Prieskorn*, 658 F.2d 631 (8th Cir.1981). In *Prieskorn*, the issue was the sufficiency of the evidence that the defendant knew of the conspiracy to distribute cocaine and knowingly became a member. 658 F.2d at 634. The court explained that "[t]he large quantity of cocaine involved here supports an inference or presumption that appellant knew that he was 'a part of a venture which extend[ed] beyond his individual participation ... By virtue of this quantity the vertical nature of the conspiracy was known to the suppliers and customers.'" 658 F.2d at 634–635, quoting *United States v. Magnano*, 543 F.2d 431, 434 (2d Cir.1976), *cert. denied*, 429 U.S. 1091, 97 S.Ct. 1100, 51 L.Ed.2d 536 (1977). In *Prieskorn*, the defendant's purchase of a "large quantity of cocaine" was a purchase of 8 to 16 ounces and interest in buying more. 658 F.2d at 634 n. 1. Brown sold Smith something in excess of 37 ounces of cocaine over the four sales. We are of opinion that the jury's conclusion that Brown knowingly participated in a single conspiracy to distribute cocaine is supported by substantial evidence.

We are also of opinion that the district court did not err in instructing the jury as to a "buyer/seller relationship" as a theory for acquittal, rather than referring to an "independent contractor" theory for the same purpose.

The judgment of conviction is

AFFIRMED.