891 F.2d 287
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Scott Willard HOLLAND, Defendant-Appellant.
 No. 89-5507.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 6, 1989.
Decided: Nov. 9, 1989.
 
 Thomas Kieran Maher (David Rudolph, Beskind and Rudolf, P.A., Ann Holton Guill, on brief), for appellant.
 Robert John Erickson, Department of Justice (Margaret P. Currin, United States Attorney, on brief), for appellee.
 Before K.K. HALL and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Scott Willard Holland appeals his convictions on one count of conspiracy to import marijuana into the United States, 21 U.S.C. §§ 952(a), 960(a)(1); one count of conspiracy to possess marijuana with intent to distribute, 21 U.S.C. § 841(a)(1), 844; and one count of aiding and abetting the importation of marijuana, 18 U.S.C. § 2 and 21 U.S.C. §§ 952(a), 960(a)(1). Finding the evidence of his guilt sufficient on each count, we affirm.
 
 I.
 
 2
 In the spring of 1986, Gil Grimes, an experienced sea captain and a principal in a drug smuggling operation, was looking for a boat to run marijuana from the Virgin Islands to the United States. Grimes' search brought him to Virgin Gorda, B.V.I., where he saw the ASIA, a 55-foot sailboat, in for repair. Grimes later returned to Virgin Gorda to inspect the ASIA accompanied by another member of the operation, Michael Malachi. By chance, Grimes and Malachi met the boat's owner, Andy Hooper, and appellant, the boat's mechanic, in a local bar.
 
 
 3
 A discussion among the four ensued, and Grimes queried Hooper about the availability and suitability of the ASIA for smuggling. Although it is not clear exactly what was said and exactly how much appellant overheard, Grimes testified that he discussed with Hooper his plan to smuggle marijuana by sailboat into the United States along the North Carolina coast and then, as cover, to sail the boat on to New York to join in the centennial celebration of the Statue of Liberty. Hooper had reservations about the scheme and the four parted without an agreement.
 
 
 4
 Eventually, however, an agreement was struck between Hooper and the Grimes smuggling operation. Shortly thereafter, appellant helped to ready the ship to sail by installing a radio antenna, sails, and other equipment. He also briefed Grimes on the boat's operation.
 
 
 5
 By late June 1986, the boat was ready to sail. The night before the boat was to be loaded, appellant went to Grimes' house on St. Thomas and picked up eleven bales of marijuana intended for Hooper. Grimes testified that the marijuana was the rental fee for the use of the boat.
 
 
 6
 The next day, the ASIA was loaded with 51 bales of marijuana and, captained by Grimes, set sail for the United States. It arrived off the North Carolina coast on June 30. That night, during the attempted off-load of the cargo, law enforcement officers moved in and seized the marijuana. Grimes, however, escaped. He fled to St. Thomas, where he met with appellant and told him about the bust. Appellant spent the next 20 months travelling in the Caribbean and the United States before finally being arrested in Puerto Rico on February 29, 1988.
 
 
 7
 At trial appellant moved for acquittal on all counts on the basis of insufficient evidence of his knowledge of, and knowing participation in, the conspiracy. The motion was denied and he was convicted on all counts. Appellant was sentenced to three concurrent 5-year terms of imprisonment to be followed by a 3-year special parole term. This appeal followed.
 
 II.
 
 8
 Before this Court, appellant again challenges the sufficiency of the evidence of his guilt. He concedes that there was a conspiracy to import and distribute the marijuana and that it was adequately proven at trial. He contests, however, the government's proof of his knowledge of the conspiracy and his knowing participation in it. He maintains that there is no evidence that at any time he was made privy to the smuggling and distribution aims of the Grimes operation and that his actions were perfectly consistent with someone who was doing nothing more than his job as the ship's mechanic. For the same reasons, he contends that he cannot be guilty of aiding and abetting. We are not persuaded.
 
 
 9
 An appellant bears a heavy burden when he seeks to overturn a jury's determination of his guilt. United States v. Rios, 856 F.2d 493, 496 (2d Cir.1988). As we have held time and time again, a jury verdict must be sustained "if there is substantial evidence, taking the view most favorable to the Government, to support it." United States v. Brown, 856 F.2d 710, 711 (4th Cir.1988) (citations omitted). In other words, the verdict must be respected so long as there is sufficient evidence such that any rational trier of fact could have reached the same result. Jackson v. Virginia, 443 U.S. 307, 319 (1979). The evidence of appellant's guilt easily passes this test.
 
 
 10
 As appellant argues, these convictions cannot stand unless the government proved at trial that he had knowledge of the goals of the conspiracy and that he knowingly joined in it. United States v. Laughman, 618 F.2d 1067, 1075 (4th Cir.), cert. denied, 447 U.S. 925 (1980). However, appellant's argument fails to recognize that this proof need not be direct. Thus, while there may be no direct proof that appellant knowingly joined this conspiracy, the jury was certainly free to reach that conclusion from the abundant circumstantial evidence presented. Id.; Brown, 856 F.2d at 711; United States v. MacDougall, 790 F.2d 1135, 1152 (4th Cir.1986). Appellant was present during Hooper and Grimes' initial conversation and he worked closely with Grimes to ready the boat to sail. He picked up eleven bales of marijuana from Grimes intended for Hooper and was informed of the conspiracy's failure by Grimes. On these facts, we cannot say that the jury reached an irrational result in finding appellant guilty on all counts.
 
 
 11
 Appellant argues strenuously that even if the evidence of his guilt on the importation counts is sufficient, there is simply no evidence to support the conviction of conspiring to distribute. As support, he cites a string of our decisions for the proposition that evidence a person conspired to import a large amount of marijuana, in and of itself, is insufficient to prove that the person also conspired to distribute that marijuana. United States v. Manbeck, 744 F.2d 360, 390 (4th Cir.1984), cert. denied sub nom. O'Hare v. United States, 469 U.S. 1217 (1985); MacDougall, 790 F.2d at 1152; United States v. Grubbs, 773 F.2d 599, 603 (4th Cir.1985).[1]
 
 
 12
 In both Manbeck and Grubbs, we noted, however, that a conviction must be sustained if there is evidence that a defendant, while a member of the conspiracy, was aware that the drug imported would eventually be distributed. Manbeck, 744 F.2d at 390; Grubbs, 773 F.2d at 603. Such is the case here. Although the marijuana was to be distributed in the United States, the conspiracy unquestionably began in the Virgin Islands and appellant was present at its inception, the initial discussion in the bar. This fact, coupled with the abundant circumstantial evidence that appellant joined the conspiracy, is more than sufficient to support this conviction. "The essence of a conspiracy is the agreement, and once a defendant's participation has been established he is culpable for everything said or done by any of the other coconspirators in furtherance of the conspiracy." United States v. Thomas, 757 F.2d 659, 668 (8th Cir.1985). Consequently, that appellant was not directly involved in the distribution aspect of the conspiracy is inconsequential. Once he joined the conspiracy with an awareness of its distribution aim, his conviction is appropriate regardless of whether or not he actually participated in that phase of the scheme or knew of its particulars. E.g. United States v. Orr, 825 F.2d 1537, 1543 (8th Cir.1987).
 
 
 13
 Accordingly, appellant's convictions are affirmed.[2]
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 We recognize that this line of authority is at odds with the decisions of several other circuits. See United States v. Gort, 737 F.2d 1560, 1562-1564 (11th Cir.1984); United States v. Michelena-Orovio, 719 F.2d 738, 752 (5th Cir.1983) (en banc), cert. denied, 465 U.S. 1104 (1984); United States v. Smith, 680 F.2d 255, 261 (1st Cir.1982), cert. denied, 459 U.S. 1110 (1983); United States v. Allen, 675 F.2d 1373, 1384 (9th Cir.1980), cert. denied, 454 U.S. 833 (1981). Our resolution of this issue obviates any need for us to examine this conflict
 
 
 [2]
 Appellant also challenges the trial court's refusal to give his instruction which conveyed his theory of defense. We find this challenge meritless. The charge given was adequate and the trial court did not abuse its discretion in rejecting appellant's proffered instruction