928 F.2d 400
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Salvatore COTTONE, a/k/a Sal, Defendant-Appellant.
 No. 90-5328.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 6, 1990.
Decided March 19, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. John A. MacKenzie, Senior District Judge. (CR-89-102)
 Augustus Anninos, Norfolk, Va., Howard James Marx, Law Offices of R. Wayne Nunnally, P.C., Norfolk, Va., for appellant.
 Justin W. Williams, Assistant United States Attorney, Chief, Criminal Division, Alexandria, Va., for appellee; Henry E. Hudson, United States Attorney, Alexandria, Va., on brief.
 E.D.Va.
 AFFIRMED.
 Before K.K. HALL and WILKINS, Circuit Judges, and TILLEY, United States District Judge for the Middle District of North Carolina, Sitting by Designation.
 PER CURIAM:
 
 
 1
 Salvatore Cottone appeals his conviction of fourteen counts involving RICO violations, retaliation against an informant, and conspiracy to distribute cocaine. Cottone contends the district court erred in denying his motions for acquittal and for a new trial, in overruling several evidentiary objections, and in instructing the jury on the elements of murder under Virginia law. Finding no error, we affirm.
 
 I.
 
 2
 We relate the facts in the light most favorable to the government. See Glasser v. United States, 315 U.S. 60, 80 (1942). The evidence at trial demonstrated that Cottone was involved in a number of predicate acts supporting the RICO counts. In 1978 Cottone hired Alfredo Toriello to burn a restaurant in Washington, D.C., for the purpose of eliminating competition. He instructed Toriello on setting the fire, arranged for gasoline to be stored in an adjoining building, drove Toriello to the restaurant, and supplied him with a key to the building where the gasoline was stored. After spreading the gasoline, Toriello refused to complete the task, but following a telephone discussion with Cottone, Toriello's associate set the restaurant ablaze. Using Toriello, Cottone was also responsible for the destruction by fire of another restaurant in Virginia in 1979.
 
 
 3
 The evidence further demonstrated that Cottone offered Toriello $40,000 to murder one of Cottone's business partners. Although they made plans, Toriello never attempted the murder. In March 1988 Cottone boasted to an FBI informant that in 1982 he and an associate transported one million dollars in counterfeit United States currency to Italy and exchanged it at banks in Rome, Naples, and Sicily.
 
 
 4
 In 1986, as part of FBI undercover investigation Operation "Infamita," Lanfranco Casali, an FBI informant, introduced Special Agent Brown to Cottone's brother Giuseppe. Giuseppe sold Brown a sample of cocaine for $400 and furnished him with a business card bearing the telephone numbers of two restaurants owned by Cottone. During the next eight months, Brown purchased approximately eleven kilograms of cocaine from Giuseppe. The evidence presented at trial, including testimony of FBI agents and tape-recorded conversations obtained through a wiretap on Giuseppe's home telephone, demonstrated that Cottone was a member of a conspiracy that included Giuseppe and others.
 
 
 5
 After Giuseppe's arrest, Cottone attempted to negotiate his release and the release of other members of the conspiracy by offering to aid the FBI in the infiltration of several drug and mafia organizations. To avenge the arrest of Giuseppe, Cottone also attempted to locate and have informant Casali murdered. The attempted contract killing proved unsuccessful because the individuals with whom Cottone negotiated for the murder were actually other undercover informants.
 
 II.
 
 6
 Cottone contends that the district court erred in denying his motions for acquittal because the evidence was insufficient to support his conviction on the cocaine distribution conspiracy and RICO counts. A judgment of acquittal should be entered by the court "if the evidence is insufficient to sustain a conviction of such offense." Fed.R.Crim.P. 29(a). A reviewing court must consider "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 A.
 
 7
 The evidence overwhelmingly supports a finding that Cottone was guilty of conspiracy to distribute cocaine. The evidence demonstrated that Cottone received a share of the proceeds from cocaine sales, see United States v. Marren, 890 F.2d 924, 934 (7th Cir.1989), and that he laundered this money through his restaurants, cf. United States v. Tarantino, 846 F.2d 1384, 1397-98 (D.C.Cir.), cert. denied, 488 U.S. 840, 488 U.S. 867 (1988). Evidence of his relationship with his coconspirator, and brother, Giuseppe also supports the conviction. See United States v. Collazo, 732 F.2d 1200, 1205 (4th Cir.1984), cert. denied, 469 U.S. 1105 (1985). Cottone's claim that he should be acquitted because there was no evidence that he personally participated in the cocaine sales borders on the frivolous for personal participation by a coconspirator is not required. United States v. Pryba, 900 F.2d 748, 760 (4th Cir.), cert. denied, 111 S.Ct. 305 (1990).
 
 B.
 
 8
 Cottone claims that structural changes within the enterprise preclude a finding that an ongoing enterprise existed. The evidence showed that Cottone held a leadership role in an ongoing organization even though the members changed from time to time, see United States v. Tillett, 763 F.2d 628 (4th Cir.1985), and that he was "operating as part of a long-term association that exists for criminal purposes," H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, ---, 109 S.Ct. 2893, 2902 (1989). Thus, the evidence abundantly supports a finding of guilt on the RICO violations.
 
 C.
 
 9
 Cottone also alleges the district court erred in denying his motion for a new trial pursuant to Federal Rule of Criminal Procedure 33. When considering a motion for a new trial, the court may weigh evidence and assess credibility; it should order a new trial if the evidence weighs so heavily against the verdict that entry of judgment against the defendant would be a miscarriage of justice. United States v. Arrington, 757 F.2d 1484 (4th Cir.1985). We find no error in the refusal of the district court to grant Cottone's motion for a new trial.
 
 III.
 A.
 
 10
 Cottone claims that evidence regarding his relationship with his brother Giuseppe was character evidence admitted "for the purpose of proving action in conformity therewith" in violation of Federal Rule of Evidence 404(a). However, during the trial Cottone did not raise any objection to the admission of this evidence based on this ground. Absent an injustice, this court will not review arguments on appeal not raised before the district court. United States v. Anderson, 481 F.2d 685, 694-95 (4th Cir.1973), aff'd, 417 U.S. 211 (1974). No injustice will result from our refusal to consider this because in view of the overwhelming evidence of Cottone's guilt, if error occurred it was harmless beyond a reasonable doubt.
 
 B.
 
 11
 During trial the government introduced tape recordings of conversations intercepted by a wiretap on Giuseppe's telephone and of conversations between Cottone and one of the informants he attempted to enlist to murder Casali. Because of the length of these recordings, the government chose not to play them for the jury in their entirety; instead, it presented excerpts of these conversations. Cottone alleges the excerpts were misleading and that portions of the conversations that were related to his defense were omitted. The use of excerpted conversations is "committed to the sound discretion of the trial court." United States v. DiMuro, 540 F.2d 503, 512 (1st Cir.1976), cert. denied, 429 U.S. 1038 (1977). The excerpts were accurate composites of conversations for which the complete tape recordings had been admitted into evidence and were available to Cottone and the jury. Additionally, Cottone was allowed to cross-examine witnesses regarding the excerpts or emphasize any other portion of the tape recordings. We find no abuse of discretion in the ruling of the district court allowing the excerpts. See United States v. Dorta, 783 F.2d 1179, 1183 (4th Cir.), cert. denied, 477 U.S. 905 (1986).
 
 C.
 
 12
 Cottone argues that the district court abused its discretion in admitting into evidence a bag containing approximately eleven kilograms of cocaine obtained through Operation "Infamita" because the evidence was irrelevant. Evidence is relevant if it "tend[s] to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. The cocaine was probative of the object of the conspiracy to distribute cocaine, see United States v. Tarantino, 846 F.2d at 1408 (no abuse of discretion in admitting drug "plainly relevant to demonstrating the conspiracy's purpose"), and the gross amount of the cocaine was probative of the likelihood of Cottone's knowledge of the existence of the conspiracy, see United States v. Brown, 856 F.2d 710 (4th Cir.1988). We find no abuse of discretion by the district court in its admission.[1]
 
 IV.
 
 13
 Finally, Cottone contends that the district court erred in instructing the jury on the elements of murder under Virginia law. The murder-for-hire statute under which Cottone was charged provides that it is unlawful "to use ... any facility in interstate ... commerce, with intent that a murder be committed in violation of the laws of any State of the United States." 18 U.S.C.A. Sec. 1958(a) (West Supp.1990). In order for the jury to decide whether Cottone intended that a murder that violated state law be committed, an instruction on the elements of murder under state law was not only appropriate but required.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 We do not address Cottone's argument that the probative value of this evidence failed to outweigh its prejudice to him since this ground was not raised at trial. See United States v. Anderson, 481 F.2d at 694-95