977 F.2d 574
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Paul Kenneth CHAMBERS, a/k/a Babe, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Bobbie Cephus MANUEL, a/k/a Gravedigger, Defendant-Appellant.
 Nos. 92-5000, 92-5066.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 19, 1992
Decided: October 20, 1992
 
 Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro.
 Argued: Anthony Wayne Harrison, Sr., Harrison, North, Cooke & Landreth, Greensboro, North Carolina, for Appellant Manuel; Gordon Hampton Brown, Blackwell, Canady, Thornton & Brown, Winston-Salem, North Carolina, for Appellant Chambers.
 Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 On Brief: Susan Hayes, Greensboro, North Carolina, for Appellants. Robert H. Edmunds, Jr., United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before RUSSELL, WIDENER, and HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Paul Kenneth Chambers and Bobbie Cephus Manuel were convicted for their role in a conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846, 841(a)(1) (1988). Chambers and Manuel challenge the sufficiency of the evidence to support their convictions. Manuel challenges the admission of certain testimony regarding marijuana transactions he contends were not part of the conspiracy. Manuel also challenges the district court's calculation of the quantity of marijuana used to determine his sentence. We find these issues without merit and affirm the convictions and sentences of Appellants.
 
 
 2
 The government alleged at trial a conspiracy to import marijuana from Texas to Rockingham County, North Carolina, for resale. Both Chambers and Manuel challenge their conspiracy convictions on the grounds that the evidence is not sufficient to find that they conspired with Timothy Crowder, another member of the conspiracy, to distribute marijuana. However, we have repeatedly held that"[t]o sustain the conspiracy conviction, there need only be a showing that defendant knew of the conspiracy's purpose and some action indicating his participation." United States v. Collazo, 732 F.2d 1200, 1205 (4th Cir. 1984), cert. denied sub nom. Alverez v. United States, 469 U.S. 1105 (1985); accord United States v. Roberts, 881 F.2d 95, 101 (4th Cir. 1989); United States v. Brown, 856 F.2d 710, 711 (4th Cir. 1988). Regarding Chambers, the jury heard testimony that he purchased large quantities of marijuana from Crowder on at least two occasions. A rational juror could infer from all the evidence that Chambers knew Crowder was involved in a large distribution ring and that Chambers agreed with Crowder to participate by purchasing marijuana for resale. Manuel did not deal directly with Crowder, however, he purchased marijuana from the same Texas source as Crowder (the Texas source was also named as a conspirator), knew Crowder's role in the conspiracy, and once used Crowder's name as a guaranty to obtain marijuana on credit from the Texas source. We conclude that this evidence was sufficient to support the jury's verdict.
 
 
 3
 Manuel also challenges the district court's admission of testimony by Timothy Thorton regarding Manuel's importations from Texas. Manuel argues that these transactions were not part of the conspiracy charged and, therefore, were inadmissible as prior bad acts pursuant to Rule 404(b). Since the government charged, and the evidence supports, a large conspiracy encompassing the Texas sources, several Rockingham County importers, and lower echelon distributors, evidence of this transaction is admissible as part of the conspiracy charged.
 
 
 4
 Manuel finally challenges the district court's findings regarding the quantity of marijuana used to compute his sentence under the guidelines. A quantity determination is a finding of fact, which we review for clear error. United States v. Vinson, 886 F.2d 740, 742 (4th Cir. 1989), cert. denied, 110 S. Ct. 878 (1990). The district court calculated a quantity of 1,142 pounds of marijuana based on the testimony of Timothy Thorton. Thorton testified that he had transported approximately 800 pounds of marijuana from Texas for Manuel and, in addition, that he had arranged for Manuel to have another shipment of 342 pounds brought in from Texas. Manuel again argues that this conduct is not a part of the conspiracy charged and, therefore, was improperly used to determine his sentence. As discussed above, this transaction is part of the conspiracy charged. Manuel's claim is without merit.
 
 
 5
 We find no merit in Appellants' claims and affirm their convictions and sentences.
 
 AFFIRMED