**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 97-4620

BRENDA STEVENS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.
                                                             No. 98-4207
STEVEN KENTA NEALY, a/k/a Jimique
Keys,
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-97-1-V)

Submitted: April 6, 1999

Decided: April 23, 1999

Before ERVIN, HAMILTON, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jeffrey S. Lisson, Winston-Salem, North Carolina; Samuel B. Winthrop, WINTHROP & WINTHROP, Statesville, North Carolina, for Appellants. Robert J. Higdon, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Brenda Stevens and Steven Kenta Nealy were convicted by a jury of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 (1994). Stevens was also convicted of possessing cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (1994). On appeal, Stevens and Nealy allege that the evidence was insufficient to support the findings of guilt. Finding no error, we affirm.

Stevens, Nealy, and two co-defendants were traveling through North Carolina when they were stopped by a state trooper pursuant to a routine traffic stop. Because of the suspicious way in which the occupants of the vehicle acted and the conflicting answers they gave to simple questions,[1] the officer asked for and received permission to search the vehicle.[2] The trooper found a kilogram of cocaine in a hid-

_____

[1] The occupants of the vehicle appeared very nervous and gave false names. They also gave conflicting stories concerning where they had come from, where they were going, and who they were going to see. The defendants could not give addresses or telephone numbers for the people they were allegedly going to visit or for themselves.

[2] Because Stevens claimed that she borrowed the vehicle from a friend, the trooper asked her for permission to search.

2

den compartment in the trunk, and a later search resulted in the discovery of a second kilogram. Large amounts of cash were also found on two of the passengers. During the ensuing investigation, the driver of vehicle ("Dudley") maintained that the drugs belonged to him and that the other defendants, who were all related to him, knew nothing about them.[3]

On direct appeal of a criminal conviction, a "verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). In the present case, we find that the evidence supports Appellants' convictions. It is well settled that circumstantial evidence may be used to prove the existence of, and participation in, a conspiracy, and this evidence may consist of a defendant's "relationship with other members of the conspiracy, the length of this association, his attitude, conduct, and the nature of the conspiracy." United States v. Brown, 856 F.2d 710, 711 (4th Cir. 1988).

We find that a reasonable fact finder could conclude that all of the occupants of the vehicle were aware of the presence of drugs, and therefore were part of a conspiracy, based on their suspicious actions, conflicting answers to simple questions, family relationship, and the amount of cash found on two of them. We further find that Appellants' reliance on Dudley's testimony at their trial is misplaced.[4] As a threshold matter, credibility determinations are solely within the jury's province and are not subject to appellate review. See United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996), cert. denied, ___ U.S. ___, 117 S.Ct. 1087 (1997). More importantly, the district court later found that this testimony was perjurious, and we upheld this finding on appeal.[5]

_____

[3] Dudley, Nealy, and the other passenger are cousins; Nealy is Stevens' son.

[4] Dudley's testimony was consistent with his representations to investigators that the drugs belonged to him and that no one else in the car knew they were there.

[5] See United States v. Dudley, No. 98-4166 (4th Cir. Oct. 29, 1998) (unpublished).

3

Finally, we find that the evidence was sufficient to support the finding that Stevens possessed the cocaine. She informed the trooper that she borrowed the car from a friend, and she eventually gave her consent to search the vehicle. In addition, the other occupants told the trooper that Stevens obtained the vehicle and then picked them up in Pennsylvania, New Jersey, and New York. We find that this evidence, which established control over the vehicle, combined with Stevens' contradictory statements and suspicious conduct when questioned by the trooper, was sufficient to support the jury's finding of actual or constructive possession of the cocaine.

Accordingly, we affirm Stevens' and Nealy's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4