**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 98-4897

RANDY LAVON MCNAIR,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-97-1-V)

Submitted: July 27, 1999

Decided: October 21, 1999

Before ERVIN,* HAMILTON, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, F. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Robert J. Higdon, Jr., OFFICE OF THE UNITED
STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

_____

*Judge Ervin participated in the consideration of this case but died
prior to the time the decision was filed. The decision is filed by a quorum
of the panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury convicted Randy Lavon McNair of conspiracy to possess with intent to distribute cocaine. On appeal, McNair alleges that the evidence was insufficient to support the finding of guilt. Finding no error, we affirm.

The facts of this case are well known to the court, as we have had the opportunity to decide the appeals of McNair's co-defendants.[1] In short, McNair and his three co-defendants were traveling through North Carolina when they were stopped by a state trooper pursuant to a routine traffic stop. Because of the suspicious way in which the occupants of the vehicle acted and the conflicting answers they gave to simple questions,[2] the officer asked for and received permission to search the vehicle. The trooper found a kilogram of cocaine in a hidden compartment in the trunk, and a later search resulted in the discovery of a second kilogram. Large amounts of cash were also found on McNair and Stevens. During the ensuing investigation, the driver of the vehicle, Dudley, maintained that the drugs belonged to him and

_____

[1] **See United States v. Dudley**, No. 98-4166 (4th Cir. Oct. 29, 1998) (unpublished); United States v. Stevens, No. 97-4620 (4th Cir. Apr. 23, 1999) (unpublished); United States v. Nealy, No. 98-4207 (4th Cir. Apr. 23, 1999) (unpublished).

[2] The occupants of the vehicle appeared very nervous and gave false names. They also gave conflicting stories concerning where they had come from, where they were going, and who they were going to see. The defendants could not give addresses or telephone numbers for the people they were allegedly going to visit or for themselves. Finally, although the occupants had been on the road for at least two days and were going to stay at their ultimate destinations for an indeterminate period of time, none of them had any luggage, changes of clothes, or toiletries in the vehicle.

2

that the other defendants, who are all related to him, knew nothing about them.**3**

On direct appeal of a criminal conviction, a "verdict... must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). In the present case, we find that the evidence supports McNair's conviction. It is well settled that circumstantial evidence may be used to prove the existence of, and participation in, a conspiracy, and this evidence may consist of a defendant's"relationship with other members of the conspiracy, the length of this association, his attitude, conduct, and the nature of the conspiracy." United States v. Brown, 856 F.2d 710, 711 (4th Cir. 1988).

As we stated in our prior opinions, a reasonable fact finder could conclude that all of the occupants of the vehicle were aware of the presence of drugs, and therefore were part of a conspiracy, based on their suspicious actions, conflicting answers to simple questions, family relationship, and the amount of cash found on two of them. Moreover, contrary to McNair's allegations, we find that the record shows that he provided misleading information.**4** We further find that McNair's reliance on Dudley's testimony at trial is misplaced.**5** As a threshold matter, credibility determinations are solely within the jury's province and are not subject to appellate review. See United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc), cert. denied, 519 U.S. 1151 (1997). More importantly, the district court later found that this testimony was perjurious; a finding we upheld in Dudley's appeal.

Accordingly, we affirm McNair's conviction. We dispense with oral argument because the facts and legal contentions are adequately

_____

**3** McNair, Dudley, and Nealy are cousins. Stevens is Nealy's mother and McNair's and Dudley's aunt.
**4** Specifically, McNair identified Dudley and Nealy by their aliases. In addition, McNair stated that he only knew Dudley from high school.
**5** McNair, Stevens, and Nealy were all tried together. Dudley's testimony at trial was consistent with his representations to investigators that the drugs belonged to him and that no one else in the car knew they were there.

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4