# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

LASHUN D. BURTON,
　　　　　　*Defendant-Appellant.*

No. 00-4865

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

TYRELL DANTE BROWN,
　　　　　　*Defendant-Appellant.*

No. 00-4885

Appeals from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Robert G. Doumar, Senior District Judge.
(CR-00-94)

Submitted: May 3, 2001

Decided: June 11, 2001

Before WILKINS, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Robert Charles Neeley, Jr., ROBINSON, MADISON, FULTON &
ANDERSON, Norfolk, Virginia; Keith Loren Kimball, COLGAN &

KIMBALL, Virginia Beach, Virginia, for Appellants. Helen F. Fahey, United States Attorney, Michael R. Smythers, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Lashun D. Burton and Tyrell Dante Brown appeal their convictions for conspiracy to distribute and to possess with intent to distribute fifty grams or more of cocaine base and related substantive counts, as well as their resulting sentences of 300 months and 204 months, respectively. Finding no error to their many contentions, we affirm.

I

Both Appellants challenge the sufficiency of the evidence supporting their conspiracy convictions. In addition, Burton also asserts that there was insufficient evidence to support his convictions on four counts of distribution of cocaine and cocaine base and four counts of aiding and abetting Brown in possessing with intent to distribute and distributing cocaine and cocaine base. This court reviews sufficiency of the evidence challenges by determining whether, viewing the evidence in the light most favorable to the Government, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60, 80 (1942).

Regarding the conspiracy convictions, both Appellants argue that the evidence, at most, showed that they both dealt drugs, but failed to show that they worked together or made any agreements in that regard. To sustain its burden, the Government must show that a conspiracy existed, that Appellants knew it existed, and that they knowingly entered into it. *United States v. Cropp*, 127 F.3d 354, 361 (4th

Cir. 1997). Circumstantial evidence, including the defendant's relationship with his coconspirators, the length of his association, his attitude, conduct, and the nature of the conspiracy may be used to prove the existence of and participation in the conspiracy. *United States v. Brown*, 856 F.2d 710, 711 (4th Cir. 1988). When the evidence establishes a lengthy buy-sell relationship coupled with a substantial quantity of drugs, a reasonable inference can be drawn that a conspiracy existed among the parties to the buy-sell transaction. *United States v. Mills*, 995 F.2d 480, 485 n.1 (4th Cir. 1995).

In the instant case, the conspiracy was charged to have lasted approximately nine months, and there was overwhelming evidence that Appellants repeatedly sold quantities of cocaine and crack cocaine during that time period. For example, Diane Beasley testified that she purchased $10-$20 worth of crack cocaine from Burton forty to fifty times, from Brown twenty-five times, and from both Burton and Brown around twenty-five times. Dwaine Revell testified that he sold crack cocaine in June 1999 (the date the conspiracy was alleged to have begun) and that he obtained his cocaine from Burton. Revell bought in increasing amounts ranging from seven grams up to seventy grams. Alex Lee testified that he bought crack cocaine from Brown several times, including a sale of one gram.

Further, there was evidence introduced at trial that Appellants worked together. Robert Turner testified to one transaction for twenty-eight grams of crack cocaine. Brown retrieved the crack from his groin area and handed it to Burton, who then passed it to Turner. Further, Turner stated that on October 9, 1999, after he conducted a seventeen-gram crack cocaine purchase from Brown, Burton told Turner that, if Turner wanted to buy crack and Burton was not available, Turner should speak to Brown. In addition, Officer Welch testified that later that day, when he stopped Burton for driving on a suspended license, Burton had $5000 cash on him, including recorded money that Brown had received from Turner during the earlier drug deal. The foregoing evidence was sufficient to show that Brown and Burton conspired not only with each other, but also with Beasley, Revell, and Lee, to sell cocaine and crack cocaine.

Regarding his distribution counts, Burton contends that the only evidence of these transactions was Turner's uncorroborated testi-

mony, which was insufficient. While Turner's testimony alone is sufficient to support the convictions, *see United States v. Manbeck*, 744 F.2d 360, 392 (4th Cir. 1984), there was also ample corroboration. These four transactions were listened to and observed by Officer Welch, as well as being videotaped. Accordingly, this claim is without merit.

Burton also argues that his four aiding and abetting convictions were not supported by sufficient evidence because, although he was present during these crimes, he was not a participant. A defendant aids and abets the commission of a crime when he willfully associates himself with the criminal venture and willfully participates in it as he would in something he wished to bring about. *United States v. Horton*, 921 F.2d 540, 543 (4th Cir. 1990). We find that the evidence was sufficient to show that Burton assisted Brown in his possession with intent to distribute and distribution of crack cocaine and cocaine.

II

Burton next challenges his two-level enhancement for his role in the offense under *U.S. Sentencing Guidelines Manual* § 3B1.1(c) (1998), on two grounds. First, he asserts that the evidence was insufficient to support such an enhancement. Second, he contends that the failure to submit the question to the jury was error under *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

The finding by the district court that Burton was an organizer or a leader in the conspiracy is a finding of fact reviewable only for clear error. *United States v. Hicks*, 948 F.2d 877, 881 (4th Cir. 1991). We find that this evidence was sufficient to establish by a preponderance of the evidence that Burton was the leader of the conspiracy and that Brown essentially worked for him.

Burton's *Apprendi* claim is likewise meritless, because *Apprendi* does not impact application of the Guidelines, so long as the sentence imposed does not exceed the maximum statutory penalty for the relevant statute. *United States v. Kinter*, 235 F.3d 192, 199-200 (4th Cir. 2000), *cert. denied*, ___ U.S. ___, 69 U.S.L.W. 3618 (U.S. Mar. 19, 2001) (No. 00-8591). Here, because Burton was charged with and convicted of a conspiracy involving fifty grams or more of crack

cocaine, he was subject to a maximum sentence of life. Thus, his resulting 300 month sentence did not violate *Apprendi*.

## III

Finally, Burton and Brown challenge the district court's denial of their motion for a new trial. We have reviewed the record and the district court's findings from the bench on this issue, and we find no reversible error. Accordingly, we affirm the denial of the motion for a new trial on the reasoning of the district court. (J.A. at 625-40).

## IV

Based on the foregoing, we affirm Burton's and Brown's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*