**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.

OMAR JERMEL DIXON, a/k/a Omar
Jermal Dixon El, a/k/a Omar Jermal
Dixon, a/k/a Omar Germal Dixon,
a/k/a Omar Jermel Dixon-El, a/k/a
Omar Dixon-El, a/k/a "O Dixon,"
                    *Defendant-Appellant.*

No. 03-4051

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-02-209)

Submitted: May 16, 2003

Decided: June 13, 2003

Before LUTTIG and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Brian J. Grossman, ECK, COLLINS & MARSTILLER, Richmond,
Virginia, for Appellant. Paul J. McNulty, United States Attorney,
Brian R. Hood, Assistant United States Attorney, Richmond, Vir-
ginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Omar Jermel Dixon was convicted by a jury of conspiracy to distribute cocaine base, possession with intent to distribute phencyclidine ("PCP"), and possession of a firearm by a convicted felon. He appeals, challenging the sufficiency of the evidence on his drug charges. We review sufficiency of the evidence challenges by determining whether, viewing the evidence in the light most favorable to the Government, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60, 80 (1942).

Dixon first challenges the evidence supporting his conspiracy conviction, arguing that the evidence, at most, showed a series of buyer/seller relationships. To sustain its burden on the conspiracy charge, the Government must show that a conspiracy existed, that Dixon knew it existed, and that he knowingly entered into it. *United States v. Cropp*, 127 F.3d 354, 361 (4th Cir. 1997). Circumstantial evidence, including the defendant's relationship with his co-conspirators, the length of his association, his attitude, conduct, and the nature of the conspiracy, may be used to prove the existence of and participation in the conspiracy. *United States v. Brown*, 856 F.2d 710, 711 (4th Cir. 1988). When the evidence establishes a lengthy buy-sell relationship coupled with substantial quantities of drugs, a reasonable inference can be drawn that a conspiracy existed among the parties to the buy-sell transaction. *United States v. Mills*, 995 F.2d 480, 485 & n.1 (4th Cir. 1993).

In the instant case, the conspiracy was charged to have lasted over four years, and there was overwhelming evidence that Dixon repeatedly bought and sold quantities of cocaine and crack cocaine and worked with co-conspirators during that time period. For example, Tony Johnson repeatedly bought crack cocaine from Dixon over a

period of several years under a consignment agreement. In addition, Leonard Pratt and Dixon pooled their money and bought up to half a kilogram of crack cocaine from Paulette Bumbrey on several occasions, and Pratt and Dixon also shared certain customers, each supplying portions of the crack cocaine required. Further, Paul Ramsey White purchased ounce-quantities of crack cocaine regularly from Dixon from 2000-2001, and Dixon would sometimes front the drugs to White. Based on the foregoing, we find that the evidence was sufficient to show that Dixon conspired with Pratt, Johnson, Bumbrey, White, and others to sell crack cocaine.

Dixon next contends with regard to the substantive count that lay testimony that the substance at issue was PCP was insufficient to show that the substance was, in fact, phencyclidine. We have held that "lay testimony and circumstantial evidence may be sufficient, without the introduction of an expert chemical analysis, to establish the identity of the substance involved in an alleged narcotics transaction." *United States v. Dolan*, 544 F.2d 1219, 1221 (4th Cir. 1976). Such circumstantial proof may include evidence of the physical appearance of the substance, evidence that the substance produced the expected effects when used by someone familiar with the subject drug, evidence that the substance was used in the same manner as the subject drug, and evidence that the substance was called by the name of the subject drug by the defendant or others in his presence. *Id.* at 1221.

Although, in this case, the Government did not introduce an expert chemical analysis as to the substance Dixon was charged with illegally possessing, David Haigler, Johnson and White testified that Dixon possessed a bottle of liquid PCP. Haigler and White testified to the effects in themselves and others after smoking the substance. Johnson and White testified to large dollar amounts being associated with the substance, and several witnesses testified that the substance was called by its various street names by both Dixon and others in his presence. Thus, we find that the evidence was sufficient to establish that the substance in question was PCP or phencyclidine. *See id.* at 1223 n.8 ("[W]e take judicial notice that phencyclidine is commonly known as 'PCP.'").

Thus, we affirm Dixon's convictions. We dispense with oral argument, because the facts and legal contentions are adequately presented

in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*