**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4457**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

DAMIEN HENRY THOMAS, a/k/a Boo Boo,

          Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paul W. Grimm, District Judge. (8:14-cr-00519-PWG-1)

Submitted: May 30, 2017                     Decided: June 15, 2017

Before AGEE, DIAZ, and THACKER, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Allen H. Orenberg, ORENBERG LAW FIRM, PC, North Bethesda, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Collin F. Delaney, Special Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Damien Henry Thomas appeals his conviction and sentence of 180 months of imprisonment for conspiracy to distribute and possess with intent to distribute 280 grams or more of crack cocaine and 500 grams or more of powder cocaine, in violation of 21 U.S.C. § 846 (2012) (Count 1), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (2012) (Count 6). He contends that there is an insufficient factual basis to support his guilty plea to Count 1, the conspiracy charge. In addition, Thomas contends that the district court sentenced him to an unreasonable sentence because, in view of the alleged invalidity of the plea to Count 1, he should have been sentenced based solely on his conviction for Count 6, the firearm charge. We affirm in part and dismiss in part.

Because Thomas did not move to withdraw his guilty plea in the district court or otherwise preserve any allegation of error under Federal Rule of Criminal Procedure 11, we review the plea colloquy for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To establish plain error, a defendant must show that (1) there was error, (2) the error was plain, and (3) the error affected his substantial rights. *Henderson v. United States*, 133 S. Ct. 1121, 1126-27 (2013). To establish that the error affected his substantial rights, a defendant must show a reasonable probability that, but for the Rule 11 error, he would not have pleaded guilty. *United States v. Davila*, 133 S. Ct. 2139, 2147 (2013). Even if a defendant establishes all three elements, we may exercise our discretion to correct a plain error only when necessary to prevent a miscarriage of justice or to ensure the fairness, integrity, or public reputation of judicial proceedings. *United States v. McNeal*, 818 F.3d 141, 148 (4th Cir. 2016).

In determining whether a factual basis exists before entering judgment on a guilty plea, "the district court possesses wide discretion, and it need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." *United States v. Ketchum*, 550 F.3d 363, 366 (4th Cir. 2008) (internal quotation marks omitted).

"[O]ne may be a member of a conspiracy without knowing its full scope, or all its members, and without taking part in the full range of its activities or over the whole period of its existence." *United States v. Allen*, 716 F.3d 98, 103 (4th Cir. 2013) (internal quotation marks omitted). In addition, under the doctrine of vicarious liability set forth in *Pinkerton v. United States*, 328 U.S. 640, 646 (1946), "a defendant is liable for substantive offenses committed by a co-conspirator when their commission is reasonably foreseeable and in furtherance of the conspiracy." *United States v. Blackman*, 746 F.3d 137, 141 (4th Cir. 2014) (internal quotation marks omitted).

We conclude that Thomas has not shown that the district court erred in finding a sufficient factual basis to support his guilty plea. Thomas is correct that the statement of facts does not explicitly explain how it determined that between 280 grams and 840 grams of cocaine base and between 500 grams and 2 kilograms of cocaine were attributable to Thomas. However, we conclude that it is reasonably foreseeable that other members of the conspiracy would have sold quantities of cocaine and cocaine base in addition to the amounts sold by Thomas. *See Blackman*, 746 F.3d at 141; *United States v. Green*, 599 F.3d 360, 367 (4th Cir. 2010); *United States v. Brown*, 856 F.2d 710, 712 (4th Cir. 1988).

3

Furthermore, even if we were to conclude that the district court erred, Thomas has not shown that the alleged error affected his substantial rights. Thomas does not state that he would not have pleaded guilty but for the error. *See Davila*, 133 S. Ct. at 2147. Thus, we conclude that Thomas has not shown that he is entitled to relief under plain-error review. *See Henderson*, 133 S. Ct. at 1126-27.

Next, Thomas seeks to challenge the reasonableness of his sentence. The Government has asserted that Thomas waived the right to appeal this claim. We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016).

An appellate waiver must be knowing and voluntary. *Id.* We generally evaluate the validity of a waiver by reference to the totality of the circumstances. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). "In the absence of extraordinary circumstances, a properly conducted Rule 11 colloquy establishes the validity of the waiver." *Adams*, 814 F.3d at 182.

Because the district court properly conducted Thomas' Rule 11 hearing and Thomas' sentencing claim falls within the scope of the appellate waiver, we conclude that this claim is barred by the appellate waiver.

Accordingly, we affirm the judgment of the district court in part and dismiss the appeal in part. We dispense with oral argument because the facts and legal contentions are

4

adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*DISMISSED IN PART*